IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZACHARY FELLS,                          :
            Petitioner,              :
                                :        1:13-cv-1425
      v.                              :
                                :        Hon. John E. Jones III
DOMINICK DEROSE, *et al.*,              :
            Respondent.              :

## MEMORANDUM

## October 28, 2014

On May 10, 2013, Petitioner, Zachary Fells, an inmate formerly confined at the Dauphin County Prison, in Harrisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Fells challenges the denial of his petition for post conviction relief. (Doc. 1, p. 2). For relief, Fells requests dismissal of his case, release from custody, and monetary damages. (Doc. 1, p. 3). On August 28, 2013, Respondent filed a response to the habeas petition. (Doc. 14). No traverse has been filed. For the reasons set forth below, the habeas petition will be dismissed.

## I.     BACKGROUND

### A.     *State Criminal Charges*

Fells is a registered sex offender. (Doc. 14-8, p. 2, PCRA Court Memorandum Opinion). In 2008, Fells was charged by the Harrisburg police with

failing to register with the Pennsylvania State Police that he was attending Harrisburg Area Community College, and with having inappropriate conduct with an employee at Harrisburg Area Community College by grabbing her buttocks. (*Id.*).

On June 24, 2009, Fells pled guilty to one count of failure to comply with registration of sexual offenders requirements, in violation of 18 Pa.C.S. § 4915(a)(1), at Docket Number 4729 CR 2008, and one count of indecent assault, in violation of 18 Pa.C.S. § 3126(a)(1), at Docket Number 4279 CR 2008. *Commonwealth v. Fells*, No. CP-22-CR-0004279-2008 (Dauphin County Court of Common Pleas, filed September 18, 2008); *Commonwealth v. Fells*, No. CP-22-CR-0004729-2008 (Dauphin County Court of Common Pleas, filed October 13, 2008).

Fells was sentenced on June 26, 2009.  (*Id.*).  At Docket Number 4729 CR 2008, Fells received a negotiated sentence of eighteen (18) to thirty-six (36) months' incarceration.  *Fells*, No. CP-22-CR-0004729-2008.  At Docket Number 4279 CR 2008, Fells was sentenced to twenty-four (24) months' probation, to run consecutive to his sentence imposed at Docket Number 4729 CR 2008.  *Fells*, No. CP-22-CR-0004279-2008.  Fells did not file a direct appeal.  (Doc. 14-8, p. 5, PCRA Court Memorandum Opinion).

Fells maxed out the eighteen (18) to thirty-six (36) month sentence in case number 4729 CR 2008, on the count of failure to comply with registration of sexual offenders requirements, and was released on May 18, 2012.  (Doc. 14-4, Supervision History).  He then began serving his twenty-four (24) month probation sentence, on the indecent assault charge.  (*Id.*).

While on probation, Fells was charged again with violating Megan's Law for failure to report required information.  (*Id.*).  On June 30, 2012, Fells was charged with changing his residence without permission and failure to abide by written instructions, in that he had contact with minors.  (*Id.*).  On July 12, 2012, Fells was charged with two counts of failure to comply with registration of a sexual offense.  (*Id.*).  On March 22, 2013, Fells pled guilty to the charge of "verify address or photographed as required."  (*Id.*).  He was sentenced to a three (3) to six (6) month term of imprisonment and was immediately paroled to his state detainer.  (*Id.*).  On July 1, 2013, Fells' probation in case number 4279 CR 2008 was revoked and he was sentenced to serve eleven and one-half (11.5) to twenty-three (23) months in the Dauphin County Prison, eligible for work release.  *Fells*, No. CP-22-CR-0004279-2008.

On March 10, 2014, Fells was released on parole.  (*Id.*).  However, on July 2, 2014, Fells' parole was revoked and he was ordered to serve twelve (12) days in

the Dauphin County Prison. (*Id.*). A review of the online inmate locator available

at Victim Information and Notification Everyday reveals that Fells served his

sentence and was released from custody on July 14, 2014. *See*

https://www.vinelink.com/. However, Fells is still serving his term of supervised

release. *Id.*

    B.    *PCRA Petitions*

On June 8, 2010, Fells filed a timely first *pro se* PCRA petition. (Doc. 14-5,

p. 2, Pennsylvania Superior Court Opinion dated October 26, 2011). Counsel was

subsequently appointed to represent Fells and an amended PCRA petition was filed

raising claims of ineffective assistance of plea counsel. (*Id.*). A hearing was held

and the PCRA Court dismissed Fells' petition on January 25, 2011. (*Id.*). On

February 7, 2011, a motion for reconsideration was filed. (*Id.*). The PCRA Court

denied the motion for reconsideration on February 17, 2011. (*Id.*). A timely notice

of appeal was filed and counsel subsequently filed a petition for leave to withdraw.

(*Id.* at p. 3). On October 26, 2011, the Pennsylvania Superior Court granted

counsel's petition to withdraw and affirmed the PCRA Court's order denying

Fells' PCRA petition. (*Id.*).

On February 22, 2012, Fells filed a second PCRA petition arguing, *inter*

*alia*, that the Pennsylvania Board of Probation and Parole decision not to grant him

parole at the time his minimum sentence expired amounted to a breach of his plea agreement.  (Doc. 14-5, PCRA Petition; Doc. 14-8, p. 3, PCRA Court Memorandum Opinion).  On January 14, 2013, the PCRA Court determined that there were no genuine issues concerning any material fact and that Fells was not entitled to post-conviction collateral relief.  (Doc. 14-8, p. 9, PCRA Court Memorandum Opinion).  The Court ultimately found that Fells "has not asserted a timely or cognizable claim under the PCRA."  (*Id.* at p. 8).  The Court notified Fells of its intention to dismiss the petition within twenty (20) days of the Order. (*Id.* at p. 9).  The Order dismissing Fells' petition was filed on February 5, 2013. (*Id.* at p. 10).  Fells did not file an appeal to the Pennsylvania Superior Court.

On May 10, 2013, Fells filed the instant habeas petition.  (Doc. 1).  In the habeas petition, Fells argues that he is unlawfully incarcerated because he did not timely receive a copy of the PCRA Court's denial of his second petition and therefore could not appeal the decision.  (*Id.*).

For the reasons set forth below, the petition for writ of habeas corpus will be dismissed.

## II.    DISCUSSION

Respondent seeks dismissal of the habeas petition based on Fells' failure to exhaust his state court remedies.  (Doc. 14-1, pp. 3-6).

It is well-established that a federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must invoke one complete round of the state's established appellate review process. *Id.* at 845.

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000), *citing Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275 (1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas corpus review must have been fairly presented to each level of the state courts." *Lines*, 208 F.3d at 159. *See also Baldwin v. Reese*, 541 U.S. 27 (2004) (holding that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim").

In the habeas petition, Fells argues that he is being unlawfully incarcerated because he was never notified of the PCRA Court's decision, the decision was not rendered until almost one (1) year after he filed his PCRA petition, and he was denied the right to file an appeal.  (Doc. 1, pp. 2-3).  However, Fells failed to seek relief by requesting that the Pennsylvania Superior Court grant him leave to file an untimely appeal.  Therefore, a state remedy is still available to Fells as to his unexhausted claims.  Fells has the right to seek an appeal *nunc pro tunc* and this right has been recognized by the Pennsylvania courts.  *See Commonwealth v. Stock*, 679 A.2d 760 (Pa. 1996).

A court should not issue a writ of habeas corpus without exhaustion of state court remedies unless extraordinary circumstances are present.  *See Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975); 28 U.S.C. § 2254(b)(1)(A).  There is nothing in Fells' petition that suggests that there are 'extraordinary circumstances' which could justify pre-exhaustion federal habeas relief.  *See* (Doc. 1).  Accordingly, Fells has not exhausted his state court remedies and his habeas petition will be dismissed.  *See U. S. ex rel. Johnson v. Cavell*, 468 F.2d 304, 313 n.11 (3d Cir. 1972) ("until petitioner has sought and been denied on appeal *nunc pro tunc*, he has not exhausted his state remedies"); *U. S. ex rel. Cornitcher v. Rundle,* 315 F. Supp. 1300 (E.D. Pa. 1970), *aff'd*, 455 F.2d 514 (3d Cir. 1972)

(petitioner failed to exhaust state court remedies where he had not appealed state court's denial of petition for post-conviction relief, and had not sought state determination as to whether he could appeal *nunc pro tunc*).

Moreover, the claims raised in Fells' second PCRA petition are not cognizable under the PCRA.  The PCRA petition at issue claimed that the Pennsylvania Board of Probation and Parole decision not to grant him parole at the time his minimum sentence expired amounted to a breach of his plea agreement, that the Board lacked jurisdiction, and that the Board altered the sentencing order by keeping him incarcerated beyond his minimum sentence of eighteen (18) months.  (Doc. 14-6, PCRA Petition; Doc. 14-8, p. 3, PCRA Court Memorandum Opinion).

To properly exhaust a claim involving a determination by the Parole Board, the petitioner must first seek administrative review with the Parole Board.  *See* 37 Pa.Code § 73.1(a).  Once the Parole Board has rendered a final decision, the petitioner must seek review in the Commonwealth Court.  *See* 42 Pa.C.S.A. § 763(a).  Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. *Pagan v. Pennsylvania Bd. of Prob. and Parole*, 2009 WL 210488, *3 (E.D. Pa.

2009); *see also Brown v. Pennsylvania Bd. of Prob. and Parole*, 2010 WL 2991166 (E.D. Pa. 2010).  If the petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted.  *See Williams v. Wynder*, 232 Fed. Appx. 177, 181 (3d Cir. 2007).

The PCRA Court explained that "the Superior Court maintains exclusive jurisdiction over appeals from Court of Common Pleas parole orders, and the Commonwealth Court has exclusive jurisdiction over administrative parole orders."  (Doc. 14-8, p. 6) (citing *Commonwealth v. McDermott*, 547 A.2d 1236, 1240 (Pa. Super. 1988); 42 Pa. C.S.A. §§ 742, 762(a)(1)).  Further, "attempts to circumvent the Commonwealth Court's exclusive jurisdiction over administrative parole matters via Post Conviction Hearing Act and *habeas corpus* petitions have been rejected."  (*Id.*) (citing *Commonwealth v. LeGrande*, 567 A.2d 693, 695 (Pa. Super. 1989)).

Accordingly, Fells' challenge to the Parole Board's decision was not properly raised in a PCRA petition.  The proper avenue would be to seek administrative review with the Parole Board and thereafter seek review in the Commonwealth Court and the Pennsylvania Supreme Court.

## III.   CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus will be dismissed.  An appropriate Order follows.